1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10

11   PETE ADAME[1],                              Case No. EDCV 16-2671-JAK (KES)

12                    Petitioner,

13        v.                                     ORDER TO SHOW CAUSE WHY
                                                 PETITION SHOULD NOT BE (1)
14   S. HATTON, Warden,                          DISMISSED WITH PREJUDICE AS
                                                 UNTIMELY OR (2) DISMISSED
15                    Respondent.                WITHOUT PREJUDICE AS
                                                 SUCCESSIVE
16

17

18

19        On December 8, 2016, Petitioner constructively filed a Petition for Writ of

20   Habeas Corpus ["Petition"] in the Northern District of California. The case was

21   transferred to this Court, as his Petition "challenges convictions he received in the

22   Riverside County Superior Court, which lies in the Central District." (Dkt. 3 [Order

23   of Transfer].) The Court has screened the Petition consistent with its authority

24   under Rule 4 of the Rules Governing Section 2254 Cases in the United States

25   District Courts. For the reasons set forth below, the Court orders Petitioner to show

26   _____

27   [1] The case-initiating Petition is captioned with the name "Pete Adams," but
     signed "Pete Adame." Review of Petitioner's inmate number and state court case
28   history reveals that his true name is Pete Adame.

1

cause why the Petition should not be (1) dismissed with prejudice as untimely, or (2) dismissed without prejudice as successive.

## I.

## PROCEDURAL HISTORY

The following facts are taken from the Petition, the Court's own records, or public records; where necessary, the Court takes judicial notice of the latter. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010) (noting that it is proper to take judicial notice of "any state court dockets or pleadings that have been located (including on the Internet)").

**A.      Petitioner's Underlying Conviction.**

On February 15, 1985,[2] a jury found Petitioner guilty of second degree murder and found true the allegation that Petitioner personally used a firearm during the commission of the offense in violation of California Penal Code §§ 187 and 12022.5. (Petition at 2; See Adame v. Kane, Case No. CV 04-00650-ODW, 2011 WL 1155610, at *1 (C.D. Cal. Feb. 19, 2011), report and recommendation accepted, 2011 WL 1135128 (C.D. Cal Mar. 28, 2011) ["Adame I"].) Petitioner was sentenced to state prison for an aggregate term of seventeen years to life. (Petition at 8.)

---

[2] Petitioner claims that he was convicted and sentenced either in 1984 or in February 1983. (Petition at 1, 14.) The Court takes judicial notice of Adame I's finding that Petitioner was convicted and sentenced on February 15, 1985. This date is supported by Petitioner's state criminal records (Case No. CR22247) found on the California Court of Appeal's website.

2

1   **B.     Petitioner's Previous Federal Habeas Petitions.**

2          Petitioner's minimum eligible parole date was June 22, 1996. (Id.) Petitioner

3   has filed numerous state and federal habeas petitions challenging various parole

4   determinations. In 2004, Petitioner filed a § 2254 federal habeas petition

5   challenging a 2001 decision by the California Board of Parole Hearings to deny

6   parole. Adame I, 2011 WL 1155610, at *1. The District Court denied relief under

7   Swarthout v. Cooke, 562 U.S. 216 (2011) (while denial of parole does create a

8   liberty interest, but it is only a state interest and therefore does not trigger federal

9   constitutional protection). Id. at *2-3.

10         Petitioner filed a second § 2254 federal habeas petition in 2005, again

11  challenging the constitutionality of his 2004 parole denial. Adame v. Kane, Case

12  No. CV 05-00541-CBM, 2011 WL 1481400 (C.D. Cal Feb. 19, 2011), report and

13  recommendation accepted, 2011WL 1481390 (C.D. Cal Apr. 12, 2011) ["Adame

14  II"]. The Court again rejected this petition under Swarthout. Id.

15         Petitioner's third § 2254 federal habeas petition was filed in 2009,

16  challenging his 2007 parole denial. Adame v. Curry, Case No. C 09-02523-SBA

17  (N.D. Cal. Mar. 23, 2011) ["Adame III"]. The District Court for the Northern

18  District of California also rejected his petition under Swarthout. (Id. at Dkt. 8 [order

19  dismissing petition].)

20  **C.     The Instant Habeas Petition.**

21         Petitioner filed a recent state habeas petition in the Riverside Superior Court,

22  which was denied on December 15, 2015. (Petition at 3.) He then filed a petition in

23  the California Court of Appeal, which was summarily denied on March 22, 2016.

24  (Id. at 4.) Petitioner next filed a state habeas petition in the California Supreme

25  Court, which was denied on July 20, 2016. (Id.) Petitioner constructively filed this

26  habeas Petition on December 8, 2016. (Dkt. 1 at 6.) Petitioner alleges that his

27  claims were the same in each petition. (Id. at 3-4.)

28

3

1

2

## II.

## CLAIMS

3        Construing the Petition liberally, Petitioner appears to be making two claims.

4 First, Petitioner argues that the Supreme Court's holding in <u>Johnson v. United</u>

5 <u>States</u>, __ U.S. __, 135 S. Ct. 2551 (2015)[3], invalidates his sentence. Petitioner

6 contends that, like the residual clause of the Armed Career Criminal Act of 1984

7 ("ACCA") found unconstitutional in <u>Johnson</u>, his indeterminate sentence is

8 unconstitutionally vague because Petitioner has no way of knowing if and when he

9 will be released. This contention also appears to include an argument challenging

10 the constitutionality of state parole determinations that rely on an inmate's future

11 threat to society as justification for denying parole. (Petition at 14, "The [P]etitioner

12 has served his time under the rules according to law, and to say that he still posing

13 any future threat is a clear violation of his constitutional rights.")

14        Alternatively, Petitioner argues that he has served the determinate portion of

15 his sentence, and that the rest should be invalidated. California law allows a

16 sentence of twenty years to life for first degree murder, and fifteen years to life for

17 second degree murder. Cal. Penal Code § 190(a).[4] Petitioner contends that, because

18 he has been held past his determinate sentence of 15 years, "second degree murder

19 is being treated as if it was a First degree murder, and the definition remains the

20 same even though the crime is different." (Petition at 14.)

21

22

23

24        [3] The Supreme Court has ruled that <u>Johnson</u> applies retroactively. <u>Welch v.</u>

25 <u>United States</u>, __ U.S. __, 136 S. Ct. 1257 (2016).

26        [4] The same law was in place at the time of Petitioner's conviction. <u>See</u> Prop.

27 7, as approved by voters, Gen. Elec. (Nov. 7, 1978); <u>see</u> <u>also</u> Deering's Ann. Pen.

28 Code § 190, p. 82 (1985 ed.).

## III.

## DISCUSSION

**A.**   **Timeliness.**

  **1.**   **Applicable Law.**

The Ninth Circuit has held that a district court has the authority to raise a statute of limitations issue <u>sua</u> <u>sponte</u> when untimeliness is obvious on the face of a habeas petition, and to summarily dismiss the petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, as long as the Court "provides the petitioner with adequate notice and an opportunity to respond." <u>Nardi v. Stewart</u>, 354 F.3d 1134, 1141 (9th Cir. 2004); <u>see also</u> <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

This action is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). <u>Lindh v. Murphy</u>, 521 U.S. 320, 336 (1997) (holding that AEDPA applies to cases filed after its effective date of April 24, 1996). AEDPA provides as follows:

   **(d) (1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

   **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review*;*

   **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   **(C)** *the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable*

*to cases on collateral review*; or

        **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added).

Thus, AEDPA "establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition." Jimenez v. Quarterman, 555 U.S. 113, 114 (2009). The statute of limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For those prisoners whose convictions became final before AEDPA's effective date, the one-year period began running on April 25, 1996. Malcom v. Payne, 281 F.3d 951, 955 (9th Cir. 2002). Accordingly, "unless a subsection of Section 2244(d) calls for a later initiation of the limitations period," state prisoners whose convictions were final before April 25, 1996, had until April 24, 1997, to file a federal habeas petition. Hasan v. Galaza, 254 F.3d 1150, 1153 (9th Cir. 2001).

Alternatively, if the petitioner is relying on a newly created constitutional right that has been made retroactive to cases on collateral review, the one-year deadline does not begin to run until the date on which the new right was initially recognized by the United States Supreme Court. See 28 U.S.C. § 2244(d)(1)(C). "In order for a constitutional right newly recognized by the Supreme Court to delay the statute of limitations the right must not only be newly recognized, but must also be retroactively applicable to cases on collateral review." Packnett v. Ayers, 2008 WL 4951230, at *4 (C.D. Cal. Nov. 12, 2008). The one-year statute of limitations "runs

1    from the date the right was initially recognized, even if the [Supreme] Court does

2    not declare that right to be retroactive until later." Johnson v. Robert, 431 F. 3d 992,

3    992 (7th Cir. 2005) (citing Dodd v. United States, 545 U.S. 353 (2005)); see also

4    Mason v. Almager, 2008 WL 5101012 (C.D. Cal. Dec. 2, 2008) (citing Johnson and

5    Dodd).

6        **2.    Analysis.**

7            a.    Initial convictions and sentence.

8        The California Court of Appeal affirmed Petitioner's conviction on direct

9    appeal on September 11, 1986. Petitioner's conviction became final on December

10   10, 1986, when the California Supreme Court denied Petitioner's petition for

11   review.[5] Therefore, because Petitioner's conviction became final before AEDPA's

12   effective start date, his time for filing a § 2254 habeas petition expired on April 24,

13   1997. Petitioner has missed this deadline by approximately twenty years.

14           b.    End of determinate sentence.

15       Petitioner's minimum eligible parole date was June 22, 1996, after AEDPA's

16   effective start date. (Petition at 8; Adame I, 2011 WL 1155610 at *1.) After that

17   date, Petitioner began serving his indeterminate sentence, subject to recurring

18   parole determinations. If Petitioner contends that his custody became unlawful

19   when it exceeded his determinate sentence, then Petitioner's deadline to raise that

20   claim would have run from June 22, 1996, the date his indeterminate sentence

21   began. Petitioner has missed this June 22, 1997 deadline by approximately twenty

22   years as well.[6]

23   _____

24       [5] Petitioner claims that he did not seek direct appeal or file a petition for
     review. (Petition at 2-3.) The Court takes judicial notice from the California
25   Appellate Court's website that Petitioner did, in fact, file both.

26       [6] The Court acknowledges that, barring any consideration of good time
     credits Petitioner may have received, Petitioner's seventeen-year determinate
27   sentence would have ended in 2002, not 1996. Even if this later date is used to
28   analyze timeliness, Petitioner should have filed a § 2254 federal habeas petition

1            c.     Applicability of <u>Johnson</u>.

2         Petitioner, however, appears to be invoking § 2244(b)(1)(C), which provides

3    that the one-year time limitation begins to run on the date that the Supreme Court

4    recognizes a new constitutional right that has been made retroactive on collateral

5    review. Petitioner contends that his state conviction and sentence for second degree

6    murder with a firearm enhancement is invalid under <u>Johnson</u>, 135 S. Ct. 2551. In

7    <u>Johnson</u>, the Supreme Court held that the "residual clause" [7] of the Armed Career

8    Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), a federal criminal statute, is

9    unconstitutionally vague under the Fifth Amendment. (<u>Id.</u>) <u>Johnson</u> was decided on

10   June 25, 2015.  Accordingly, Petitioner had until June 25, 2016, one year after

11   <u>Johnson</u> was issued, to file a habeas petition based on that decision.  See <u>Robert</u>,

12   431 F.3d at 992 (holding that the one-year AEDPA statute of limitations "runs from

13   the date the right was initially recognized, even if the [Supreme] Court does not

14   declare that right to be retroactive until later"); <u>see</u>, <u>e.g.</u>, <u>Williams v. United States</u>,

15   2016 WL 2745814, at *10 (D. Hawai'I May 11, 2016) ("The one-year limitations

16   period for filing his present § 2255 motion [invoking <u>Johnson</u>] requires filing it on

17   or before June 25, 2016.").

18        The Court need not, however, determine whether the Petition is timely in

19   light of this deadline and any statutory tolling, because the <u>Johnson</u> decision is

20   irrelevant. Petitioner's state prison sentence was not enhanced under the ACCA's

21   residual clause, nor was his conviction based on any state analogue of that federal

22   criminal statute. Thus, <u>Johnson</u> did not create a new due process right applicable to

23   _____

24   challenging his indeterminate sentence in 2003, approximately fourteen years ago.

25      [7] The ACCA provides for a sentence enhancement on defendants with three

26   prior convictions of a "violent felony," a term defined in part by 18 U.S.C.
     § 924(e)(2)(B)(ii) — commonly called the "residual clause" — as including any

27   felony that "involves conduct that presents a serious potential of physical injury to
     another." <u>Johnson</u> ruled that this definition was unconstitutionally vague.

28

Petitioner. See Renteria v. Lizarraga, 2016 WL 4650059, at *6 (C. D. Cal. Aug. 1, 2016), report and recommendation adopted Sept. 2, 2016 ("Petitioner was not sentenced under ACCA's 'residual clause' or even any similar state law equivalent. Accordingly Johnson created no new due process right applicable to Petitioner."); Birdwell v. California, 2016 WL 5897780, at *2 (C.D. Cal. Oct. 5, 2016) (Johnson irrelevant to petitioner's state conviction for second degree felony murder).

Because Petitioner's claims do not properly rely on the new constitutional rule created in Johnson, Petitioner may not invoke § 2244(b)(1)(C) to overcome his timeliness bar. Therefore, the instant Petition should be dismissed as untimely.

**B.    Successive Petitions.**

       **1.    Applicable Law.**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction or sentence. See, e.g., 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition). "A habeas petition is second or successive … if it raises claims that were *or could have been* adjudicated on the merits" in an earlier Section 2254 petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (emphasis added).

Section 2244(b)(2) provides a basis for pursuing a second or successive Section 2254 habeas petition if one of two exceptions applies, as follows:

      (**A**) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

      (**B**)(**i**) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

      (**ii**) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable

1   factfinder would have found the applicant guilty of the underlying
2   offense.

3   28 U.S.C. § 2244(b)(2).

4       Even when one of the two exceptions in Section 2244(b)(2) applies, state
5   habeas petitioners seeking relief in this Court must first obtain authorization from
6   the Ninth Circuit before filing any such second or successive petition. 28 U.S.C.
7   § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or
8   successive [petition] only if it presents a claim not previously raised that satisfies
9   one of the two grounds articulated in § 2244(b)(2)." Burton v. Stewart, 549 U.S.
10  147, 153 (2007).

11      **2.   Analysis.**

12      Petitioner has filed three previous Section 2254 federal habeas petitions. It
13  appears that none of them, however, challenged his underlying conviction or
14  sentence. Rather, each challenged the constitutionality of separate instances in
15  which Petitioner was denied parole. Whether the instant Petition is construed as
16  challenging either Petitioner's conviction and indeterminate sentence or further
17  denials of his parole eligibility, it is a successive petition that deprives this Court of
18  jurisdiction over its claims.

19      The Supreme Court and the Ninth Circuit have interpreted the phrase
20  "second or successive" as a "term of art" derived from the concept of the "abuse of
21  the writ" doctrine. See Magwood v. Patterson, 561 U.S. 320, 336-37 (2010); Hill v.
22  Alaska, 297 F.3d 895, 896 (9th Cir. 2002). "That a prisoner has previously filed a
23  federal habeas petition does not necessarily render a subsequent petition "second or
24  successive." Hill, 297 F.3d at 896. Under the Ninth Circuit's precedent in Hill,
25  petitions challenging parole determinations that arose after a petitioner filed his first
26  habeas petition are not considered successive. Id. Because a parole determination
27  challenges the calculation of a petitioner's release date, not the sentence itself, a
28  petition attacking a later parole denial was not successive to an earlier attack on the

underlying conviction. <u>Id</u>. The court in <u>Hill</u> determined that because claims relating to the petitioner's parole determinations *could not have been included* in earlier petitions challenging his conviction and sentence, petitioner was not required to secure the Ninth Circuit's permission prior to filing his habeas petition in the district court. <u>Id</u>. at 899 (emphasis added). In subsequent decisions, the Ninth Circuit clarified that challenges to state decisions that affect the execution of sentences (like parole denials and revocation of sentence decisions) can be brought in a later petition "because such claims were not ripe for adjudication at the conclusion of the prisoner's first federal habeas proceeding." <u>United States v. Buenrostro</u>, 638 F.3d 720, 725 (9th Cir. 2011).[8]

Here, the opposite scenario is presented. Petitioner has challenged several separate parole determinations in federal court, but he never challenged his underlying criminal conviction or sentence. Unlike the petitions in <u>Hill</u> and <u>Buenrostro</u>, the claims raised in the instant Petition were ripe for adjudication at the time of every previous federal petition. Petitioner raises two claims attacking his underlying conviction: (1) imposing an indeterminate sentence is unconstitutionally vague, and (2) the sentences for first degree and second degree murder are unconstitutionally equivalent because they both carry the potential imposition of indeterminate life sentences. (<u>See</u> Petition at 14.) The void-for-vagueness doctrine has been a hallmark of constitutional law long before Petitioner's conviction, regardless of Petitioner's appeal to the Supreme Court's recent decision in <u>Johnson</u>. <u>See</u> <u>e.g.</u>, <u>U.S. v. Batchelder</u>, 442 U.S. 114, 123 (1979) ("[V]ague sentencing

---

[8] In <u>Magwood v. Patterson</u>, the Supreme Court held that "where … there is a new judgment intervening between the two habeas petitions, an application challenging the new judgment is not second or successive." <u>Magwood</u>, 561 U.S. 320, 341-42 (2010). Here, the conviction and sentence that Petitioner challenges has not been altered or disturbed. <u>Magwood</u> is inapposite. <u>See</u> <u>Phillips v. Davey</u>, 659 F. App'x 933, 934 (9th Cir. 2016) ("Because there is no amended judgment in this case, <u>Magwood</u> is inapposite.").

1   provisions may pose constitutional questions if they do not state with sufficient

2   clarity the consequences of violating a given criminal statute."). Similarly, any

3   constitutional argument raised by Petitioner's second contention does not rely on

4   the holding in Johnson. Each of Petitioner's claims could have been raised in his

5   previous petitions. See McNabb, 576 F.3d at 1029.

6       Therefore, to the extent the instant Petition challenges Petitioner's underlying

7   conviction or sentence, it is successive. It would be an abuse of the writ to hold

8   otherwise. Allowing a Petitioner to first challenge parole determinations that extend

9   from his underlying conviction, then not deem "successive" later petitions that

10  finally challenge his underlying conviction, would not serve the AEDPA's purposes

11  of finality in state criminal convictions and "streamlining federal habeas

12  proceedings." Burton, 549 U.S. at 154; see also Calderon v. Thompson, 523 U.S.

13  538, 558 (1998) ("§ 2244(b) … is grounded in respect for the finality of criminal

14  judgments.").

15      To the extent Petitioner challenges his most recent parole denial, the Petition

16  remains successive. Petitioner does not allege that he has been subject to an

17  additional denial of parole since the determination he challenged in his 2009

18  petition. While his claims are not the model of clarity, it seems Petitioner is

19  challenging the parole board's authority to consider Petitioner's past crimes to

20  determine his future risk to society. (Petition at 14.) That claim has been rejected on

21  the merits in every federal petition he has brought. (See Section II.A., supra.)

22      To the extent that Petitioner purports to rely on the new constitutional rule

23  created in Johnson as an exception under § 2224(b)(2), his argument may not be

24  asserted for the first time before the district court. Rather, Petitioner is required to

25  assert his grounds for making a second or successive petition before the Ninth

26  Circuit in a motion for leave to file a second or successive petition. 28 U.S.C.

27  § 2244(b)(3)(A). Thus, this Court lacks jurisdiction to make the initial

28  determination whether Petitioner qualifies to proceed with this successive petition.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.

## CONCLUSION

**On or before March 1, 2017**, Petitioner is ordered to show cause why his Petition should not be (1) dismissed with prejudice as untimely, or (2) dismissed without prejudice as successive.

DATE: <u>February 01, 2017</u>                    _Karen E. Scott_

                                                            KAREN E. SCOTT
                                                            UNITED STATES MAGISTRATE JUDGE